# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR-12-00072 AWI DLB |
| Plaintiff, | **ORDER DESIGNATING CASE AS COMPLEX** |
| vs. | |
| SAMUEL STONE, | |
| Defendant. | |

On May 30, 2012, defendant Samuel Stone, by counsel Donald Knight, made an oral motion to deem this case complex. The Government joined in the request.

The Speedy Trial Act requires a defendant to be brought to trial "within seventy days from the filing date ... of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charges is pending." 18 U.S.C. § 3161(c)(1). In calculating this period, the court may exclude certain periods of delay pursuant to stated exceptions. Section 3161 (h)(7)(A) provides that a court shall exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counselor at the request of the attorney for the government, if the judge granted such a continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. …

Further, Section 3161(h)(7)(B)(ii) provides that a factor to be used in the above analysis is:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceeding or for the trial itself within the time limits established by this section.

Section 3161(h)(7)(B)(iv) also provides that the court also consider:

> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause(ii), would deny ... counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

A finding of complexity, alone, is sufficient to support an exclusion of time based upon an "ends of justice" continuance. *United States v. Kamer*, 781 F.2d 1380, 1389-90 (9th Cir. 1986), *cert. denied*, 479 U.S. 819 (1986); *United States v. Wellington*, 754 F.2d 1457, 1467 (9th Cir. 1985) *cert. denied*, 474 U.S. 1032 (1985). It is necessary that the court set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

Here, defendant Stone is charged with First Degree Murder for which the Government seeks the death penalty. (Doc. 3.) As stated on the record on May 30, 2012, in light of the charges against defendant Stone and the potential penalty of death, the Court designates the above-captioned case as complex pursuant to 18 U.S.C. section 3161(h)(7)(B)(ii).

IT IS SO ORDERED.

Dated: **May 30, 2012**        /s/ **Barbara A. McAuliffe**
                           UNITED STATES MAGISTRATE JUDGE