# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 12-CR-0072-JCC-GSA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AFTER STATUS CONFERENCE** |
| ) | **AND SECOND DISCOVERY** |
| SAMUEL STONE, ) | **MOTION HEARING** |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

On December 7, 2012, Defendant, Samuel Stone ("Defendant"), filed a Motion to Compel Discovery. (Doc. 34). On January 9, 2013, Plaintiff, the United States of America (the "United States" or "government"), filed an opposition. (Doc. 41). Defendant filed a reply and an amended reply on January 24 and 25, 2013, respectively. (Docs. 47 and 49).

On April 22, 2013, Defendant filed a second Motion for Discovery. (Doc. 78). The government filed its opposition on April 29, 2013. (Doc. 80). Defendant filed a reply on May 3, 2013. (Doc. 82). In addition, the parties filed a Joint Statement on April 29, 2013, addressing the motions. (Doc. 79).

The Court held both a status conference and a hearing on the motions on May 9, 2013. Jacabed Rodriguez-Cross and Elana Landau personally appeared on behalf of the United States. Donald Knight, Alexandra Negin, and Tivon Shardl personally appeared on behalf of Defendant. A review of the pleadings revealed that the parties have worked together diligently and the government has provided numerous documents in response to the requests. However, there is still some information Defendant is

waiting to receive from the government. Additionally, there are several items that remain in dispute and will require Court intervention.

To facilitate the resolution of the disputed items, the parties are ordered to jointly file two documents. The first document shall be a stipulation outlining those discovery requests that have been completely resolved. This list need not be lengthy, but shall clearly identify the requests that are no longer in dispute. The second document shall be a list of all of the unresolved discovery disputes. If any of the unresolved issues are due to the fact that the government has not yet produced documents, the parties shall identify an agreed upon date by which the government will do so. These joint reports shall be filed no later than **June 7, 2013.** Additionally, defense counsel shall file a brief outlining Defendant's position on the unresolved discovery disputes no later than **June 21, 2013.** The United States shall file its opposition to producing the disputed items by **June 28, 2013.** Defense counsel may file a reply, but must do so no later than **July 8, 2013**. A hearing on the two motions to compel will be held on **July 11, 2013, at 10:00 a.m.** in Courtroom 10. The parties are advised that the briefs outlining their respective positions must include the following :

1) Legal authority in support of their position. In the prior motions, Defendant has argued that the requests are material. If the government intends to object on the basis of materiality, it shall clearly articulate the reasons why. Similarly, if the United States believes the request is too burdensome, such claims must be submitted with legal authority, and when appropriate, with supporting affidavits or declarations. Additionally, if the government represents that a document or other requested item cannot be located, is no longer in existence, or has been destroyed, then it must briefly describe what efforts it has made to obtain the requested information;

2) If the government asserts a privilege, it must clearly identify the privilege and set forth reasons why the privilege outweighs Defendant's right to disclosure. Likewise, the Defendant must set forth specific reasons why the government's requested privilege should not be sustained. The government must produce a privilege log identifying each document it seeks to protect and the precise privilege asserted. It shall also produce the material for an *in camera* inspection to the Court at the time their opposition is filed;

3) If the Defendant is requesting that the government provide unredacted copies of documents,

defense counsel must clearly indicate why the redacted information is necessary and material. Conversely, the government must explain why the redactions are necessary and cite to relevant legal authority in support of its position. Additionally, the government must explain why a protective order will not suffice. The government shall be prepared to provide both the redacted and unredacted documents to the Court for an *in camera* review if the Court deems it necessary; and

4) All documents submitted to the Court for an *in camera* inspection must be Bates stamped so the record clearly identifies what documents the court has reviewed, and subsequent rulings can reference the documents with specificity.

Finally, the parties shall also provide the Court with a proposed discovery cut-off deadline. This deadline will be the last date discovery motions may be filed. If a date can not be mutually agreed upon, the parties shall submit their proposed dates, and briefly advise the Court of their reason for selecting the date they have proposed. Counsel are reminded that early resolution of discovery issues will be necessary in order for this case to proceed to trial as scheduled.

IT IS SO ORDERED.

Dated: **May 16, 2013**    /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE