DONALD ROBERT KNIGHT, Pro Hac Vice
Knight & Moses, LLC
7852 South Elati Street, Suite 201
Littleton, Colorado 80120
Telephone: 303/797-1645
Facsimile: 303/730-0858
E-mail: don@knightandmoses.com

JOSEPH SCHLESINGER, SB #87692
Acting Federal Defender
LEXI NEGIN, SB #250376
Assistant Federal Defender
TIVON SCHARDL, FL Bar #73016
Trial & Habeas Counsel
Office of the Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: 916/498-6666
Facsimile: 916/498-6656
E-mail: lexi_negin@fd.org
         tim_schardl@fd.org

Attorneys for Defendant
SAMUEL R. STONE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   vs.<br><br>SAMUEL R. STONE,<br><br>               Defendant. | Case No. 1:12-CR-0072-JCC-GSA<br>**DEATH PENALTY CASE**<br><br>**ORDER RE : REVISED STIPULATION AS TO RESOLVED DISCOVERY REQUESTS**<br><br>Date:    July 11, 2013<br>Time:   10:00 a.m.<br>Judge:   The Hon. Magistrate Judge<br>            Gary S. Austin |

## STIPULATION OF PARTIES AS TO RESOLVED DISCOVERY REQUESTS

In accordance with the Court's Order After Discovery Motion Hearing (Doc. 85) the parties submit this stipulation outlining discovery requests that are resolved. All numbered and italicized

requests refer to the numbering in Defendant's Motion to Compel Access to Evidence filed on December 7, 2012 (Doc. 34), to Defendant's Notice of Motion & Motion for Access to Evidence filed on April 22, 2013 (Doc. 78) and) and the Joint Statement filed April 29, 2012 (Doc. 79).

*III.  A.  1.      Any and all relevant written or recorded statements by Mr. Stone within the possession, custody or control of the government.*

The government represents that all such statements have been provided.

*2.      Any reference in any written record of any oral statement made before or after arrest by Mr. Stone to a person known by him to be a government agent, including any such references or written record in the files of the FBI of statements made by Mr. Stone to any BOP witness or staff.*

The government represents that all such statements have been provided.

*3.      The substance of any oral statements made by the defendant to any person then known by the defendant to be a government agent or law enforcement officer that the government intends to use in any manner at trial regardless of whether any written record of the statement exists.*

The government represents that all such statements have been provided.

*4.      A list describing in detail all communications of the defendant, in any form, that are purported to be any waiver of his legal or constitutional rights, which list should include the exact date, time, and place of any such communication or waiver and the names, addresses, and phone numbers of all witnesses to such communication, and a written quotation of any purported oral waivers.*

The government represents that all such communications and information have been provided.

*5.      Copies of, or a list of, or quotations in writing of any oral waiver forms, warnings, cautions or instructions that were communicated to Mr. Stone in any form in connection with any purported or actual written or oral statement, response, communication, or observed behavior of*

*Mr. Stone in any interview, examination, or evaluation, including, but not limited to the exact date, time, and place of any such communication, and the names, addresses and phone numbers of all witnesses to such warnings, cautions, or instructions.*

The government represents that all such waivers have been provided.

*7. To any extent that Angelo Fuentes could be considered an unindicted co-conspirator: any and all written, oral or recorded statements, or any materials or documents or electronically stored information, reports, writings or communications reflecting such statements by Mr. Fuentes.*

Without accepting the premise set forth in the defendant's discovery request, the government represents that all statements by Mr. Fuentes have been provided.

*8. A written description of each statement which will be tendered for admission as an alleged co-conspirator hearsay exception pursuant to Fed. R. Evid. 810(d)(2)(E).*

Without waiving its right to seek to introduce any statements pursuant to Fed. R. Evid. 810(d)(2)(E), the government represents that no such statements are known to exist at this time and if the government becomes aware of any such statements it will inform the defense.

*(10) All written documents or electronically stored information, reports, writings or communications relating to any BOP or another agency's administrative proceedings relating to the charges in this case or the facts that underlie them.*

The government represents that all such information has been provided.

*(12) All separatee information for Michael Anita, Angelo Fuentes, and Samuel Stone, and any and all documentation reflecting the reason for the separatee designation.*

The government represents that it has provided this information.

*(16) Any and all documents or electronically stored information, reports, writings or communications related to the "extensive investigation by the FBI" referred to in the United States*

*Department of Justice press release dated March 22, 2012*

The government represents that all documents generated as a result of the investigation of the murder of Michael Anita have been produced in discovery.

*(17)    Any and all documents or electronically stored information, reports, writings or communications related to Mr. Stone's disciplinary record, and all supporting documentation from the time he entered the BOP to the present date.*

The government represents that all responsive materials have been provided.

*(18)    Any and all documents or electronically stored information, reports, writings or communications regarding intelligence gathered by whatever means known to the BOP in regard to Mr. Stone, Mr. Fuentes, Mr. Anita, an all inmate witnesses, whether a document or electronically stored information relates to them individually or in any combination, including, but not limited to, information from the TRUINTEL database.*

The government represents that all responsive materials have been provided.

*(19)    Any and all documents or electronically stored information in the possession, custody or control of any United States Attorney's Office related in any way to Michael Anita, Angelo Fuentes or any other inmate who may appear as a witness at trial*

The government has provided responsive information.  The parties agree that this request may involve further ongoing discovery requests as the defense continues its investigation of Mr. Anita and other inmate witnesses.

*(20)    Any and all documents or electronically stored information, reports, writings or communications related to the activities of the Warrior Society or its members, including information about Michael Anita, Angelo Fuentes and any activity attributed to them that is related in any way to the Warrior Society or any other gang, Security Threat Group ("STG"), or Disruptive Group ("DG") affiliation.*

The government represents all responsive materials have been provided.

*(21)    Any and all documents or electronically stored information, reports, writings or communications related to any Native American inmates residing in the SHU at USP Atwater from April 1, 2003 until May 30, 2005.*

The government has provided this information as agreed upon by the parties.

*(22)    Any and all documents or electronically stored information in the possession, custody or control of the United States Government relating to misconduct, negligence, dereliction of duty, or mismanagement by staff or employees at USP Atwater, or any other facility in which Mr. Stone has been housed during his lifetime, including but not limited to federal investigations or inquiries into juvenile facilities, tribal facilities, state detention centers, county jails, state prisons, federal detention centers, or federal prisons.*

The parties agree that this request has been resolved.

*(23)    Any and all documents or electronically stored information, reports, writings or communications relating in any way to incidents at USP Atwater that could be characterized as 100- or 200-level prohibited acts in accordance with Program Statement 5270.07 from the date USP Atwater began receiving inmates through and until the completion of any BOP investigation into the Michael Anita homicide, including but not necessarily limited to the preparation of the after action report, and through and until the completion of any investigation into the stabbing of inmate Stephen Jackson.*

The parties agree that the government has provided responsive information.

*(24)    Any and all documents or electronically stored information, reports, writings or communications relating to alleged sexual assaults at USP Atwater from the date the institution began receiving inmates through and until the completion of any BOP investigation into the Michael Anita homicide, including but not necessarily limited to the preparation of the after action report*

The parties agree that the government has provided responsive information.

*(25)     Any and all documents or electronically stored information, reports, writings or communications relating to any and all incidents involving the possession, use or manufacture of a weapon, or hazardous tool, or the possession or use of weapon- or hazardous-tool making materials at USP Atwater from the date the institution began receiving inmates through and until the completion of any BOP investigation into the Michael Anita homicide, including but not necessarily limited to the preparation of the after action report*

The parties agree that the government has provided responsive information.

*(26)     Any and all documents or electronically stored information, reports, communications or writings relating to criminal activity or disciplinary sanctions of Michael Anita or Angelo Fuentes, whether in or out of custody, including but not limited to any "After Action Report," "Board of Inquiry Report," "Incident Report," "Report of Incident," "Disciplinary Hearing Officer Report," and all other BOP documentation including but not limited to, any and all Special Investigation Service ("SIS") or Special Investigation Agent ("SIA") memoranda or reports, SENTRY entries or other documentation, however made and in whatever form, related to an incident in which Michael Anita or Angelo Fuentes was a witness, victim, perpetrator, suspect, or subject of investigation for a violation of BOP rules or policies*

The government represents all responsive materials have been provided.

*(27)     Any and all documents or electronically stored information, reports, communications or writings relating to criminal activity or disciplinary sanctions of Michael Anita or Angelo Fuentes, whether in or out of custody, in the possession, custody or control of any law enforcement or other governmental agency or agent that has assisted in the investigation or prosecution of this case and that is related to an incident in which Michael Anita or Angelo Fuentes was a witness, victim, perpetrator, suspect, or subject of investigation for a violation of law, or the rules or policies of a corrections or juvenile detention facility*

The government represents all responsive materials have been provided.

*(28)    Any and all SHU logs and work orders, including the covers of such books, from the date that Mr. Stone was placed in the SHU through and until the BOP investigation into the Michael Anita homicide was complete including, but is not limited to, the following logbooks or work orders by whatever name they were known at the time of this event:*

> *(a)    activity logs,*
>
> *(b)    "bed books,"*
>
> *(c)    institutional duty officer reports,*
>
> *(d)    SHU Shakedown logs,*
>
> *(e)    confiscation logs,*
>
> *(f)    lieutenant's daily logs,*
>
> *(g)    SHU A-range 30 minute round logs,*
>
> *(h)    SHU A-range logbook,*
>
> *(i)    SHU sign in logbook,*
>
> *(j)    SHU 21-day rotation log,*
>
> *(k)    captain's logs/files,*
>
> *(l)    SHU razor logs,*
>
> *(m)    control logbook,*
>
> *(n)    Alcohol Surveillance logbook,*
>
> *(o)    SHU OIC log,*
>
> *(p)    work orders,*
>
> *(q)    kitchen logs reflecting food service from July 20, 2003 through July 30, 2003;*

The following requests are resolved:

a) no activity logs exist

b) no bed books exist from the relevant time frame

c) no institutional duty officer reports exist from the relevant time frame

d) no SHU Shakedown logs exist

e) no confiscation logs exist

j) no SHU 21-day rotation log exist

p) no work orders for the relevant time frame exist

q) no kitchen logs exist but the government the government has produced commissary lists for Mr. Fuentes, Mr. Stone and Mr. Anita for the time during which they were housed in the same cell together

*(29)    Any and all documents or electronically stored information, reports, writings or communications relating (a) to the training on or implementation of Program Statement 6590.07 regarding alcohol surveillance and testing, or (b) to any other policies or practices related to preventing the making, storage, use or distribution of alcohol in a BOP facility, and (c) any inquiry or investigation into the production, use, distribution of alcohol or the punishment of its production, use or distribution at USP Atwater from the date the institution began receiving inmates through and until the completion of any BOP, FBI or prosecution investigation into the Michael Anita homicide, including but not necessarily limited to the preparation of the after action report, the toxicology report on Mr. Anita, and any reactions thereto;*

The government represents all responsive materials have been provided.

*(31)    Any and all documents or electronically stored information, or other materials from Riggs Ambulance, or Merced hospital to which Riggs Ambulance transported Michael Anita, relating to the death of Michael Anita*

The government represents that it has no such documents in its possession, custody or control.

*(32)    Any and all documents or electronically stored information, or other materials from the Merced County Sheriff's Department relating to the death of Michael Anita*

The government represents all responsive materials have been provided.

*(33)    Any and all documents or electronically stored information, reports, communications or writings created or stored by BOP medical staff in any facility that relates to Michael Anita*

The government represents all responsive materials have been provided.

*(34)    The unredacted central files of Michael Anita, Angelo Fuentes, Samuel Stone and all inmate witnesses*

The government represents all responsive materials have been provided.

*(35)    Any and all documents or electronically stored information, communications or writings that were obtained from or that belonged to Michael Anita, Angelo Fuentes, or Samuel Stone;*

The government represents that it has produced all such material.

*(36)    In addition to the ability to inspect, photograph, test or examine any and all tangible objects that were in the cell at the time of the homicide, including objects that appear in photographs, but that were not logged into evidence, Mr. Stone seeks any and all documents, electronically stored information, reports, communications or writings related to those tangible objects, including but not limited to complete hand-held video recordings of evidence collection and crime scene processing, diagrams, reconstructions, computer animations or simulations, and any other documentation of the crime scene*

The government represents all responsive materials have been provided.

*(37)    Any and all documents or electronically stored information, reports, communications or writing that describes the operation or functioning of cameras, video recording equipment, or any electronic monitoring of the SHU at USP Atwater from July 20, 2003 through July 31, 2003, including but not limited to maintenance of equipment and the time-stamp function or synchronization of such equipment.*

The government has agreed to facilitate a meeting between the defense and the person in

charge of the video equipment at the Atwater facility to answer further questions upon request.

*(38)    Any and all documents or electronically stored information, reports, communications or writing related to the time and manner of activation of the distress signals in the cells of the SHU at USP Atwater from July 20, 2003 through July 31, 2003*

The government represents that no such materials exists.

*(39)    A floor plan or architectural diagram of the SHU at USP Atwater as it existed on July 30, 2003*

The government has provided this document pursuant to a protective order.

*(40)    A floor plan or diagram of SHU cell 121 showing its inside dimensions*

The government has provided this document pursuant to a protective order.

*(41)    Photographs and video of the SHU at USP Atwater that were taken during the defense team visit to the SHU on October 18, 2012*

The photographs and video have been provided pursuant to a protective order.

*(43)    Any and all "event-by-event" training provided by USP Atwater regarding the control of contraband, assignments to the SHU, and cell assignments within the SHU at USP Atwater from the time it opened until the end of 2003*

The government represents all responsive materials have been provided.

*(44)    Any and all documentation regarding programs offered and/or implemented by USP Atwater to enhance and/or control inmate behavior at the institution that were in place on July 30, 2003*

The defense has agreed to withdraw this request as it is overbroad.

(45)     *A copy of the commissary list available for inmates housed in the SHU at USP*

*Atwater on July 30, 2003*

The government represents that the list no longer exists, however the government has

provided the commissary ordered by Mr. Anita, Mr. Fuentes and Mr. Stone between January 1, 2003

and July 30, 2003.


(46)     *Any and all information, documentation, investigation, or materials, including any*

*oral statements made by any witness, relating to the production, manufacture, use, possession or*

*distribution of alcohol by Michael Anita or Angelo Fuentes within or without the BOP, including but*

*not limited to the effects of alcohol on Mr. Anita or Mr. Fuentes.*

The government represents all responsive materials have been provided.


(47)     *Any and all information, documentation, investigation, or materials relating to*

*alcohol use by Samuel Stone, including but not limited to the effects of alcohol on Mr. Stone*

The government represents all responsive materials have been provided.


(48)     *Any and all documents or electronically stored information, reports, communications*

*or writing describing the circumstances of a BOP homicide in which any United States Attorney's*

*Office or the Department of Justice either declined to prosecute or declined to seek the death penalty*

*in a BOP homicide, including, but not limited to, information describing the background or criminal*

*history of any suspected perpetrator or conspirator*

The defense agreed to narrow the request and the government has provided responsive

materials.


(51)     *Any SIA manual in effect at USP Atwater on July 30, 2003*

The government has provided the material pursuant to an attorney eyes only protective order.


(52)     *Any SIS manual in effect at USP Atwater on July 30, 2003*

The government has provided the SIS manual pursuant to an attorney eyes only protective order.

*(53)    The Institutional Character Profile reports for USP Atwater and all documentation supporting such report from the date it was opened through the end of 2003*

The government represents that the first ICP for Atwater was in 2005 and; therefore, no responsive document exists.

*(54)    The Prison Social Climate Survey Report and all documentation supporting the survey for USP Atwater from the date it opened through the end of 2003*

The government represents all responsive materials have been provided.

*(55)    Any Correctional Services Manual in effect at USP Atwater on July 30, 2003*

The government has provided the Correctional Services Manual pursuant to an attorney eyes only protective order.

*(56)    Any Correctional Services Quarterly Perpetual Audit schedule and audits and corrective action plans at USP Atwater from the date it opened through the end of 2003*

The government represents that responsive documents have been destroyed pursuant to policy.

*(57)    Any and all "Institution Supplements" developed at USP Atwater and regarding alcohol surveillance and testing programs from the date Atwater opened through the end of 2003*

The government has provided Institution Supplement 6590.07 pursuant to a protective order.

*(58)    "Correctional Services Internal Operational Review and Responses" and "Correctional Services Program Review and Responses" for USP Atwater from the time it opened until the end of 2003*

The government has provided Operational and Program Reviews for 2003 pursuant to a protective order.

*(59)    All American Correctional Association ("ACA") reviews that have been conducted and completed in regard to USP Atwater from the time it opened until the end of 2003*

The government represents that the BOP no longer has this document.  The government solicited a copy from the ACA; however, they no longer have one.

*(60)    Any and all monthly lieutenant meeting minutes/notes for USP Atwater from the time it opened until the end of 2003*

The government represents that responsive documents have been destroyed pursuant to policy.

*(61)    Any and all Warden/Executive staff meeting minutes/notes for USP Atwater from the time it opened until the end of 2003, including but not limited to briefings by SIS and SIA*

The government represents that no such documents exist.

*(62)    Any and all documentation of all intelligence briefings conducted for the institutional executive staff at USP Atwater from the time it opened until the end of 2003 (such documents are normally kept in the office of the SIA or SIS)*

The government represents all responsive materials have been provided.

*(63)    Any and all emails responding to or forwarding the email at Bates page 000020 (regarding orderly Wesley Cummins, Reg. #64500-065), including but not limited to the string of electronic communications initiated by the email previously produced*

The government represents that no such materials exist.

*(64)    The names and register numbers of all inmates who worked as orderlies in the SHU*

*of USP Atwater from April 1, 2003 through July 30, 2003*

The government represents that no such records are kept that could be responsive to this request.

*(65)     Any and all video surveillance of orderlies distributing food in the range of the SHU at USP Atwater that included cell 121 from April 1, 2003 through July 30, 2003*

The government represents that no responsive materials exist.

*(68)     Any and all documents or electronically stored information, reports, writings or communications related to reprisals or threats of reprisals or other incident related to, or stemming from either the attack on Stephen Jackson, or the homicide of Michael Anita*

The government represents that no responsive documents have been located.

*(70)     All written documents supporting the Regional Director Expectations that were issued by the Regional Director to all wardens for the Western Region from April 1, 2003 through July 30, 2003 including any updates to these Regional Director Expectations, including but not limited to STG issues, the placement and movement of inmates to and within the SHU, and the production, distribution and confiscation of alcohol or contraband within the SHU*

The government represents that if any such material existed it would have been destroyed pursuant to policy.

*(71)     All "Inmate Requests to Staff Member" forms (otherwise known as "cop-outs") to the Warden, Assistant Warden, Captain, Unit Management staff, Facility staff, or SIS related to any inmate safety concerns in the SHU at USP Atwater from the date the institution began receiving inmates through the conclusion of any investigation or remedial measures related to the homicide of Michael Anita*

The government represents that these forms would be located within each inmate's Central File and that there is no central location for such forms and thus cannot comply with the request.

The defense accepts this representation.


*(72)    All security threat "validation packages" for inmates Michael Anita, Angelo Fuentes,*
*Stephen Jackson, Samuel Stone, and any other inmate who may be a witness at trial*

The government represents all responsive materials have been provided.


*(73)    Any and all BOP Program Statements that were in effect in 2003 and that are not*
*publicly available that related in any way to rules and regulations regarding the Special Housing*
*Unit which should include, but not be limited to, the placement of inmates in the SHU, the duration*
*of such placement, and the conditions of confinement while in the SHU*

The government represents that the only document which would govern this request is the
SHU Program Statement.  The government has provided written guidance on the SHU.


*(74)    All BOP Program Statements that were in effect in 2003 and that are not publically*
*available that relate in any way to the role, authority, and scope of SIS/SIA duties and*
*responsibilities in gathering STG or gang-related intelligence, and STG classification, including the*
*criteria for classification of individuals as a member of a validated security threat group, including,*
*but not be limited to, any rules and regulations regarding the placement of STG members in a cell*
*together*

The government has provided the SIS manual pursuant to an attorney eyes only protective
order.


*(75)    All BOP Program Statements that were in effect in 2003 and that are not publicly*
*available that related in any way to the role, authority, and scope of SIS/SIA duties within the BOP,*
*including, but not limited to, information or documentation concerning the following:*

> *(a)    Investigative authority of the SIS/SIA agents,*
>
> *(b)    Liaison responsibilities with the FBI, local law*
> *enforcement, and coroners,*

(c)     *Investigation management,*

(d)     *Preserving the crime scene,*

(e)     *Crime scene canvas,*

(f)     *Recording the crime scene,*

(g)     *Crime scene search,*

(h)     *Collection and management of evidence,*

(i)     *Witness statements/interviews,*

(j)     *Post crime scene activities,*

(k)     *Management of suspects and witnesses,*

(l)     *Autopsy procedure,*

(m)     *Handling and preserving evidence,*

(n)     *Classification of what constitutes evidence in a criminal case,*

(o)     *Criminal investigations,*

(p)     *Report writing requirements of SIS/SIA and related staff,*

(q)     *Referrals for prosecution;*

The government represents all responsive materials have been provided.


*(76)     Any and all BOP Program Statements that were in effect in 2003 and that are not publicly available that related in any way or manner to security inspections and searches for contraband within a BOP facility or institution, including records and inspection methods, inmate searches, contraband (including but not limited to alcohol) collection, reporting requirements, testing requirements and disposal*

The government represents all responsive materials have been provided.


*(77)     Any and all post orders that were in effect on July 30, 2003 concerning any of the following issues:*

(a)     SHU operation in general,

(b)     Three-man cell placement in the SHU,

(c)     Alcohol collection, reporting and disposal,

(d)     Responsibilities for regular "rounds," "range checks" or "cell checks" (by whatever name the responsibility for regularly checking of the well-being of inmates during any shifts in the SHU may be called),

(e)     Panic/distress buttons or alarms in the SHU,

(f)     Procedure for conducting counts,

(g)     Procedure for conducting "rounds," "range checks" or "cell checks,"

(h)     Operational issues regarding the SHU shift that covers the time that the death of Mr. Anita occurred (it is believed this is generally referred to as the "morning shift");

The government represents all responsive materials have been provided.


(78)     Any and all BP9, BP10, or BP11 forms or statements prepared by any inmate at USP Atwater that in any way concerns alcohol issues or the conduct of the SHU from the time that the institution opened until the completion of any investigation or remediation related to the Anita homicide.

The government represents that these forms would have been destroyed pursuant to policy.


(79)     Any and all documents or electronically stored information, reports, writings or communications related to the creation of the after action report on the homicide of Michael Anita, including, but not limited to, all information relied upon to create the report, any and all drafts of the report, documentation of when the reports was drafted, circulated and finalized.

The government represents that all such materials have been provided.


**RESOLVED DISCOVERY REQUESTS IN THE DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ACCESS TO EVIDENCE FILED ON April 22, 2013 (Doc. 78) (relating**

**to the BOP's ADX facility):**

*(b) All documents of whatever kind and wherever they may be located that supports in any way the rules, process, procedure, and/or criteria utilized by the BOP and/or the DOJ for admitting an inmate to each Unit of the ADX listed in 3(a) above either directly from the sentencing court or from another BOP institution.*

The government represents all responsive materials have been provided. The parties agree that this request may involve further ongoing discovery requests as the defense continues its investigation of the information the government has provided.

*(c)  All documents of whatever kind and wherever they may be located that supports in any way the rules, process, procedure, and/or criteria utilized by the BOP for releasing an inmate from each Unit of the ADX that is listed in (a) above including, but not limited to, the decision to release an inmate from the ADX through the step down unit or directly out of the ADX to another prison facility.*

The government represents all responsive materials have been provided. The parties agree that this request may involve further ongoing discovery requests as the defense continues its investigation of the information the government has provided.

*(d) All documents of whatever kind and wherever they may be located that supports in any way the rules, process, procedure, and/or criteria utilized by the BOP that govern an inmate's movements within the ADX itself to either a step down unit or another unit of the facility.*

The government represents all responsive materials have been provided. The parties agree that this request may involve further ongoing discovery requests as the defense continues its investigation of the information the government has provided.

*(e) The most recent Regulations, Program Statements, Institution Supplements, and/or other policies and procedures, both local and national, that govern the management of each ADX Unit*

1    *listed in Part III(a) above.*

2        The government represents all responsive materials have been provided.  The parties agree

3    that this request may involve further ongoing discovery requests as the defense continues its

4    investigation of the information the government has provided.

5

6        *(f) The most recent edition of the Inmate Information Handbook for ADX inmates (commonly*

7    *referred to as the A&O Handbook) for each unit listed in Part III(a) above*

8        The government represents all responsive materials have been provided.  The parties agree

9    that this request may involve further ongoing discovery requests as the defense continues its

10   investigation of the information the government has provided.

11

12       *(g) A current list of all inmates presently detained and/or incarcerated at ADX Florence. For*

13   *each such witness please provide the date of entry to ADX, the specific unit each inmate*

14   *was originally assigned to, and the current unit placement for each such inmate.*

15       The government represents all responsive materials have been provided.  The parties agree

16   that this request may involve further ongoing discovery requests as the defense continues its

17   investigation of the information the government has provided.

18

19       *(n) List any homicides that have occurred at ADX since 2003 with the date of occurrence,*

20   *specific location/unit where perpetrated, method of homicide, victim and defendant name, defendant*

21   *age, STG affiliation of defendant or victim, child molester status of the victim, and notes providing*

22   *details of each homicide.*

23       The government represents all responsive materials have been provided.  The parties agree

24   that this request may involve further ongoing discovery requests as the defense continues its

25   investigation of the information the government has provided.

26

27       *(o) Specify the number of inmates serving life without parole in the BOP and their current*

28   *institutional placement. Of these inmates, specify the number of inmates who are serving these*

*sentences for a conviction of a homicide.*

The government represents all responsive materials have been provided. The parties agree that this request may involve further ongoing discovery requests as the defense continues its investigation of the information the government has provided.

*(q) For inmates serving life without parole in the BOP, the statistical data for Prohibited Acts and Injury Assessment for Acts of Inmate Misconduct (including all prohibited acts listed therein) that is required to be collected and maintained by §541.8, Chap. 5, Appendix D of P.S. 5270.09 (Inmate Discipline Program), from calendar years 2003-2012.*

The government represents all responsive materials have been provided. The parties agree that this request may involve further ongoing discovery requests as the defense continues its investigation of the information the government has provided.

*(r) For inmates serving life without parole for homicide, the statistical data for Prohibited Acts and Injury Assessment for Acts of Inmate Misconduct (including all prohibited acts listed therein) that is required to be collected and maintained by §541.8, Chap. 5, Appendix D of P.S. 5270.09 (Inmate Discipline Program), from calendar years 2003-2012.*

The government represents all responsive materials have been provided. The parties agree that this request may involve further ongoing discovery requests as the defense continues its investigation of the information the government has provided.

DATED:          June 11, 2013

Respectfully submitted,


*/s/ Elana Landau*
ELANA LANDAU
ASSISTANT UNITED STATES ATTORNEY

OFFICE OF THE UNITED STATES ATTORNEY


*/s/ Jacabed Rodriguez-Coss*
JACABED RODRIGUEZ-COSS
US DEPARTMENT OF JUSTICE
TRIAL ATTORNEY



ATTORNEYS FOR SAMUEL STONE:

*/s/ Donald R. Knight*
DONALD R. KNIGHT
LEAD COUNSEL

JOSEPH SCHLESINGER
Acting Federal Defender

*/s/ Tivon Schardl*
TIVON SCHARDL
TRIAL & HABEAS COUNSEL

*/s/ Lexi Negin*
LEXI NEGIN
ASSISTANT FEDERAL DEFENDER

## ORDER

The Court has reviewed the above stipulation of the parties and adopts the representations

contained herein.  The parties are directed to file briefs for all remaining unresolved discovery

disputes in accordance with the deadlines and directives contained in this Court's order dated May

16, 2013.  (Doc. 85).




IT IS SO ORDERED.

Dated:   **June 11, 2013**                           **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE